**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEITH SCOTT, | ) |
|     Movant, | ) |
| v. | )    No. 4:21-cv-838-RWS |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon movant Keith Scott's response to the Court's July 15, 2021 order directing him to show cause why his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should not be dismissed as time-barred. For the reasons explained below, the Court has determined that the motion is untimely, and that movant has failed to show cause why it should not be dismissed as such. Therefore, in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court will dismiss the motion without further proceedings.

**Background**

As set forth in detail in the Court's July 15, 2021 order, movant filed the motion to vacate after the expiration of the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Briefly, the relevant dates are as follows. Movant pleaded guilty to a two-count Superseding Information on August 21, 2019, and this Court entered judgment on November 22, 2019. *See United States v. Scott,* No. 4:18-cr-601-RWS-1 (E.D. Mo. 2018). Movant did not appeal, so judgment became "final" for purposes of 28 U.S.C. § 2255(f)(1) on December 6, 2019, when the fourteen-day time to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A) (setting the

time limit); *Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) ("when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). Movant had one year from that date to seek relief under 28 U.S.C. § 2255, but he did not file the instant motion until June 28, 2021.[1] The motion therefore cannot be considered timely under 28 U.S.C. § 2255(f)(1), and movant does not assert, nor is it apparent, that it can be considered timely under any other subsection of that statute.

In the motion, movant argued his untimely filing should be excused because it occurred due to "circumstances outside of his control." (ECF No. 1 at 11). He claimed he "initially started to investigate whether he had any claims to raise," but that due to restrictions imposed in his facility during the COVID-19 pandemic, he "had no access to the legal library to properly continue to investigate his claims or to find case law to properly formulate a document to present to the court in a timely manner." *Id.*

In this Court's July 15, 2021 Order for Movant to Show Cause, the Court explained the reasons the motion was untimely, and directed movant to show cause why it should not be dismissed as such. In so doing, the Court noted that while pandemic-related restrictions could possibly amount to extraordinary circumstances warranting equitable tolling, movant could not demonstrate entitlement to equitable tolling unless he showed he was diligently pursuing his rights, but the extraordinary circumstances stood in his way and prevented timely filing. Movant

---

[1] Movant indicates that he placed the motion in the prison mailing system on June 28, 2021, and it was received and docketed in this Court on July 12, 2021. The Court determines the instant motion to have been filed on June 28, 2021, the date movant indicates he placed it into the prison mailing system. *See Moore v. United States,* 173 F.3d 1131, 1135 (8th Cir. 1999); Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2

responded to the order on August 13, 2021 and the government filed a reply on August 17, 2021, and the matter is now ready for disposition.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court must summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. The AEDPA requires a § 2255 motion to be filed within one year of, as relevant here, the date the challenged judgment became final. 28 U.S.C. § 2255(f)(1). Equitable tolling is available in the context of a § 2255 motion, *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005), but it "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). The Eighth Circuit has cautioned that application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is appropriate only when a movant demonstrates that he was diligently pursuing his rights, but extraordinary circumstances beyond his control stood in his way and prevented timely filing.[2] *Holland v. Florida,* 560 U.S. 631, 649 (2010), *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

In the response now before the Court, movant asks the Court to excuse his untimely filing, and avers he "will show cause for 'Equitable Tolling' as follows." (ECF No. 3 at 1). Movant avers the judgment he challenges "became final on November 22, 2019,"[3] and his facility "went into a

---

[2] Movant makes no attempt to claim he was lulled into inaction by the government. *See Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000).

[3] As noted above, judgment in this case became final on December 6, 2019, when the fourteen-day time to appeal expired.

3

total lockdown in the month of March of 2020" due to the COVID-19 pandemic. *Id.* He avers that "[a]t the time the institution went on lockdown, [he] still had at least (8) months left of the total year that he initially had to file his motion for relief." *Id.* Movant asserts that during the lockdown, he was "denied any access to the legal library or its material to conduct the necessary research that is needed to find the applicable case law that would suit one's need to properly argue his case." *Id.* at 1-2. He describes other restrictions that were imposed, including denial of access to counselors and case managers, and he claims that generally, staff ignored inmate requests for documents and forms during that time.

Movant notes he was "allotted a year" to file a § 2255 motion, and that amount of time is needed in order to "properly do research, and to formulate arguments relevant to his issues that may be raised." *Id.* at 2. He argues he "had more time on the backend of his year to file," in contrast to situations in which an inmate could have filed a motion long before the imposition of pandemic-related restrictions. *Id.* He asserts he should not be penalized and forced to present an unsupported "'laymans' [*sic*] argument" "just because a pandemic hit." *Id.* He describes the instant motion as his "one shot to challenge his case," and avers he "simply wanted to present the best shot possible to the court" but could not do that during lockdown. *Id.* at 3. Movant concludes that his motion should be deemed timely "due to the unforseen [*sic*] circumstances of the 'COVID-19 Pandemic', the institutional lockdown, the lack [of] access the legal material and the law library, [which] is a CONSTITUTIONAL right under the (1st) First Amendment." *Id.* at 3 (emphasis in original). In reply, the government contends movant is not entitled to equitable tolling because he has not demonstrated he diligently pursued his rights prior to the lockdown.

4

Having thoroughly reviewed and carefully considered movant's motion and the instant response and reply, the Court has determined the motion is untimely, and movant has failed to demonstrate entitlement to equitable tolling. Indeed, restrictions imposed due to the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions. *United States v. Haro*, 2020 WL 5653520, at *4 (D. Neb. Sep. 23, 2020) (citing cases). However, movant is not relieved of the obligation to demonstrate he was pursuing his rights diligently, and would have timely filed if not for pandemic-related obstacles. For example, the United States District Court for the District of Nevada granted a prisoner's COVID-19-based request for prospective equitable tolling because the pandemic had, among other things, halted ongoing investigations and prevented counsel from obtaining necessary court records. *See Dunn v. Baca*, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). In granting relief, the court wrote that it had "little to no doubt that [the defendant and his counsel were] pursuing [the defendant's] rights diligently." *Id.*

In other circumstances, this United States District Court and others have rejected requests for equitable tolling premised upon pandemic-related lockdowns and lack of law library access when there was no evidence the prisoner diligently pursued his right to file a § 2255 motion prior to the lockdown. *See Mims v. United States*, 2021 WL 409954, at *3 (E.D. Mo. Feb. 5, 2021) (a claim of inability to access a law library due to a COVID-19 lockdown was insufficient to warrant application of equitable tolling where the movant failed to establish he was pursuing his rights diligently beforehand) and *Howard v. United States*, 2021 WL 409841, at *4 (E.D. Mo. Feb. 5, 2021) (same, and collecting cases holding that a lack of law-library access generally does not warrant equitable relief); *see also United States v. Thomas*, 2020 WL 7229705, at *2 (E.D. La.

5

Dec. 8, 2020) (rejecting a claim of entitlement to equitable tolling premised upon pandemic-related lack of law library access where the movant failed to show he diligently pursued his rights before the lockdown); *United States v. Barnes*, 2020 WL 4550389, at *2 (N.D. Ok. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he had diligently pursued his claims).

In sum, restrictions imposed by the COVID-19 pandemic do not automatically warrant equitable tolling. Instead, movant must establish he was diligently pursuing his right to file a § 2255 motion, but the pandemic-related restrictions stood in his way and prevented timely filing. In this case, movant had approximately four months before the purported March 2020 lockdown to pursue filing a § 2255 motion. In his motion, movant vaguely stated he "initially started to investigate whether he had any claims to raise" prior to the lockdown. (ECF No. 1 at 11). However, he does not allege, either in the motion or in the response now before the Court, that he actually did anything that would arguably amount to diligent pursuit of his rights during the approximately four months that elapsed prior to the lockdown, nor does he claim an inability to do so. The Court therefore concludes movant has failed to demonstrate he was diligently pursuing his rights, as necessary to establish entitlement to application of the doctrine of equitable tolling.

Movant also fails to establish a causal connection between his untimely filing and the lockdown. Instead, he focuses upon a lack of law library access and a general lack of resources and knowledge. That alone is insufficient. The Eighth Circuit has recognized that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer,* 231 F.3d at 463. "Pro se status, lack of legal knowledge

6

or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Having determined that the motion was untimely filed, and having determined that movant has failed to establish entitlement to application of the doctrine of equitable tolling, the Court will dismiss the motion at this time, in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant herein has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 1st day of September, 2021.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE