## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KEITH SCOTT,               )
                              )
         Movant,       )
                              )      No. 4:21-cv-838-RWS
     v.                        )
                              )
UNITED STATES OF AMERICA,   )
                              )
        Respondent.   )

## <u>MEMORANDUM AND ORDER</u>

This closed civil matter is before the Court upon review of a post-judgment letter submitted by self-represented movant Keith Scott. In the letter, movant "requests that the honorable Court re-consider it[]s decision of Order dated Sept. 2, 2021 because [his] reply brief, at the time of the Court's Order had not been available to the Court." (ECF No. 9 at 1). There is no court order in this matter dated September 2, 2021. However, the Court will liberally construe the letter as a motion filed pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, seeking reconsideration of this Court's September 1, 2021 final judgment dismissing movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons explained below, the motion will be denied.

### Background

Movant pleaded guilty to a two-count Superseding Information charging him with conspiring to possess a firearm by a felon, and possession of body armor by a felon. On November 22, 2019, the Court sentenced movant to serve ninety-six (96) months in prison, followed by two years of supervised release. *See U.S. v. Scott*, No. 4:18-cr-601-RWS-1 (E.D. Mo. 2018). Movant did not seek direct review.

Judgment became final for purposes of 28 U.S.C. § 2255(f)(1) on December 6, 2019. According to 28 U.S.C. § 2255(f)(1), movant had one year from that date to seek relief under 28 U.S.C. § 2255, but he did not do so until he filed the motion to vacate in this case on June 28, 2021. In the motion, movant acknowledged his untimely filing, and claimed his tardiness should be excused because it occurred due to circumstances beyond his control. He explained that he had begun investigating potential claims to raise, but pandemic-related restrictions were imposed at his facility in March of 2020 and he was thereafter unable to access the law library and other resources. Movant offered no basis to conclude the motion was timely under any other subsection of 28 U.S.C. § 2255(f).

This Court reviewed the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and determined it was time-barred. On July 15, 2021, this Court entered an order directing movant to show cause why the motion should not be dismissed as untimely. In that order, the Court clearly explained why the motion was untimely, acknowledged movant's attempt to demonstrate entitlement to equitable tolling, and explained that equitable tolling was warranted only when a movant demonstrated that he had been diligently pursuing his rights.

Movant filed a response on August 13, 2021, reasserting his entitlement to equitable tolling due to the March 2020 pandemic-related restrictions. He offered no other reason why his motion should not be dismissed as untimely. On August 17, 2021, the government filed a response in which it argued movant was not entitled to equitable tolling because he did not demonstrate he diligently pursued his rights prior to the lockdown. Movant filed nothing further. On September 1, 2021, this Court entered an order in which it determined movant's motion was

2

untimely and he had failed to show cause why it should not be dismissed as such, and entered final judgment dismissing movant's § 2255 motion without consideration of its merits. The Court also declined to issue a certificate of appealability. On September 13, 2021, movant filed a post-judgment motion seeking a "2 week extension to file a reply to the government's response." (ECF No. 7). On September 15, 2021, the motion was denied as moot.

Movant filed the instant motion on September 23, 2021. As noted above, he asks this Court to reconsider its dismissal of his § 2255 motion because his "reply brief" had not been submitted at the time of judgment. (ECF No. 9 at 1). Movant claims he sent the brief to the Court on September 13, 2021 assert "claims of actual innocence . . among others." *Id.* at 2. Movant also asks this Court to "issue a recall on the mandate" and/or grant him a certificate of appealability. *Id.* Movant makes no attempt to attack his sentence. At the end of the letter, movant writes: "In case the Court rejects defendant's request for reconsideration and Certificate of Appealability, this letter should serve as a Notice of Appeal with respect to Court's order." *Id.* Movant does not specify the "Court's order" to which he refers.

## Discussion

The Court has considered whether the instant motion amounts to a second or successive collateral attack under 28 U.S.C. § 2255, and concludes it does not. While movant avers he submitted a filing on September 13, 2021 to assert an actual innocence claim, he makes no attempt to assert such a claim here, nor can he be understood to offer any other reason why his federal sentence should be vacated, set aside, or corrected. The Court will therefore consider whether movant's averments establish entitlement to relief under Rule 60(b) of the Federal Rules of Civil Procedure.

Based upon plaintiff's averments, the motion is best construed as seeking relief under either Rule 60(b)(1) or 60(b)(6). Rule 60(b)(1) allows a court to relieve a party from final judgment for mistake, inadvertence, surprise, or excusable neglect; and Rule 60(b)(6) allows a court to grant relief for "any other reason that justifies relief."  In support of his request for relief, movant avers he submitted a post-judgment filing to the Court on September 13, 2021 to assert claims of actual innocence. However, not only was movant's September 13, 2021 filing submitted after judgment was entered, it did not contain an actual innocence claim or any other claim for relief. Movant does not claim he submitted a filing during the pendency of these proceedings that was not received by the Court, nor does he claim that any circumstance or hardship prevented him from preparing or submitting filings to the Court during that time.

Having thoroughly reviewed and liberally construed movant's motion, the Court concludes it simply fails to point to any reason justifying relief under Rule 60(b)(1) or 60(b)(6) or for that matter, any other subsection of Rule 60(b). Additionally, to the extent movant can be understood to seek relief under Rule 59(e) of the Federal Rules of Civil Procedure, the motion is denied because it fails to point to any manifest errors of law or fact, or any newly discovered evidence.

Movant asks that his "letter should serve as a Notice of Appeal with respect to Court's order" if this Court declines to reconsider its dismissal of this action. (ECF No. 9 at 2). However, movant does not identify the "Court's order" he intends to appeal, nor does he name the court to which the appeal is taken, as required by Rule 3(c) of the Federal Rules of Appellate Procedure. To assist movant, the Court will direct the Clerk to send him a form Notice of Appeal.

The Court has considered whether to issue a certificate of appealability. To do so, the

4

Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant herein has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant Keith Scott's motion, construed as a motion under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), **(ECF No. 9)** is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to movant a copy of the Notice of Appeal form.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 15th day of October, 2021.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

5